GOODWIN v. ATCHISON, T. & S. F. RY. CO.

(Circuit Court of Appeals, Eighth Circuit.   October 20, 1902.)

No. 1,676.

1. FEDERAL AND STATE COURTS—CONCURRENT JURISDICTION—EFFECT OF CONFLICTING ADJUDICATIONS.

Plaintiff, in an action in a state court against a railroad company to recover damages for the death of an employé, pending such action presented her claim for allowance and payment to a federal court, which through its receivers had taken possession of and was administering the property of the company in foreclosure and creditors' suits. Its decrees placed such claims in the preferential class, provided they were established as valid demands, but left their validity to be subsequently adjudicated. The claim was tried before a master, who decided against its validity, and his decision was affirmed by a decree of the court, from which no appeal was taken. On the same day a judgment against the company was rendered in the action in the state court, which was affirmed on appeal, and the plaintiff therein then filed a second petition of intervention in the federal court, setting up such judgment. *Held* that, both courts having jurisdiction to adjudicate upon the claim in the

---

¶ 1. Conflicting jurisdiction of federal and state courts, see notes to Louisville Trust Co. v. City of Cincinnati, 22 C. C. A. 356; Plow Works v. Finks, 26 C. C. A. 49.

suits before them, the federal court was bound by its own decree, which had become final, so far as related to its own power to grant relief.

## Appeal from the Circuit Court of the United States for the District of Kansas.

This is an appeal from a decree of the circuit court of the United States for the district of Kansas, whereby an intervening petition, which was filed by Allie May Goodwin, formerly Allie May Henry, the appellant, in an equity cause pending in that court, was dismissed. The facts out of which the controversy arises are as follows: On December 23, 1893, the Union Trust Company of New York filed in the circuit court of the United States for the district of Kansas a bill of complaint against the Atchison, Topeka & Santa Fé Railroad Company to foreclose a certain mortgage upon its railroad property and for general relief, and on said day receivers of the mortgaged property were duly appointed, and shortly thereafter assumed possession of it. Prior thereto the appellant, who was then the widow of Frank B. Henry, had commenced a suit against the Atchison, Topeka & Santa Fé Railroad Company to recover damages on account of the death of her husband, a locomotive engineer, who had been killed on June 23, 1891, while he was in the service of the aforesaid railroad company, by the derailment of his engine at a railroad crossing in Ellsworth county, Kan. The action which was so pending in the district court for Osage county, Kan., against the railroad company, when the receivers aforesaid were appointed, was tried in that court on March 16, 1892, and resulted in a verdict for the plaintiff; but on appeal to the supreme court of Kansas the judgment entered upon said verdict was reversed on July 11, 1896, and the cause was remanded for a new trial. Railroad Co. v. Henry, 57 Kan. 154, 45 Pac. 576. The case was again tried in the state court on November 22, 1897, and resulted, as before, in a verdict and judgment for the plaintiff, which latter judgment, the case having been again appealed by the railroad company to the supreme court of Kansas, was affirmed on March 11, 1899. Railroad Co. v. Henry, 60 Kan. 322, 56 Pac. 486. A decree of foreclosure and sale was entered in the aforesaid action, which was brought by the Union Trust Company of New York, in pursuance of which the mortgaged property was duly sold on December 10, 1895. Subsequent to the aforesaid foreclosure sale, and on February 29, 1896, the Union Trust Company filed what is termed a "supplemental bill in chancery" against the Atchison, Topeka & Santa Fé Railroad Company, the purpose of which was to sequestrate certain property belonging to said company, which was not covered by the aforesaid mortgage, and to apply the proceeds of the same to the payment of the debts of said company, and to obtain an account of the nature and amount of such debts. On the filing of the supplemental bill the circuit court of the United States for the district of Kansas referred the matter to Eugene Quinton as special master, to take an account of all the assets and property of said railroad company which remained after the sale under the decree of foreclosure, and to ascertain and report the names of the creditors of said company and the amount of their respective claims. The special master was directed to give notice by publication to all creditors of the railroad company, and to all persons having any claims against its property or against the persons who had purchased the same at the mortgage sale, to exhibit their demands before the special master at such time and place as he might direct. The master was also empowered to hear, determine, and adjudicate upon the claims so presented. It was further ordered that all the property, assets, and effects, real and personal, of the Atchison, Topeka & Santa Fé Railroad Company, which remained after the sale under the decree of foreclosure, be sequestrated; and that Aldace F. Walker and John J. McCook, who had been receivers in the foreclosure proceedings, be appointed receivers of the sequestrated property, and authorized to take possession of the same and sell it at public or private sale, upon such terms as were deemed most advantageous.

On or about October 9, 1896, Allie May Henry, the appellant, filed an in-

tervening petition in the aforesaid sequestration proceedings, which were then pending, wherein she alleged, in substance, that she had a claim in the sum of $10,000 against the funds, property, and assets involved in said sequestration proceedings on account of which she had once recovered a judgment for $5,250 that had been reversed and the cause remanded for a new trial. She alleged that she intervened in the sequestration proceedings for the protection of her rights, and prayed that her entire claim might be allowed, and that she might be permitted to present proof of her claim, for allowance in such amount as to the special master seemed just, and that any judgment which she might thereafter obtain be allowed and paid. The claim so presented was heard by the master on July 12, 1897, the same having been submitted to him upon the testimony in the case of Railroad Co. v. Henry, as contained in the record of that case which had been made up for a hearing before the supreme court of the state of Kansas. The special master, after an examination of the claim and the testimony offered in support thereof, reported that the derailment which occasioned the death of the plaintiff's husband was occasioned by a want of ordinary care and diligence on his part, and that the claim presented by the intervener was not a just and valid demand against the railroad for that reason, and that the claim ought to be disallowed. The report of the master to the effect aforesaid appears to have been filed in the circuit court of the United States for the district of Kansas on October 18, 1897, and on November 22, 1897, that court decreed that the report of the special master, recommending a disallowance of the claim, be in all things affirmed, and that the claim be disallowed. No exceptions appear to have been taken to such order, nor did the intervener take an appeal therefrom, but more than two years thereafter, to wit, on or about January 23, 1900, she appears to have filed another intervening petition, based upon the same claim, which latter intervening petition was dismissed on June 3, 1901. In the last-mentioned intervention the intervener recited, as before, the commencement of an action in the state court on September 15, 1891, and further alleged that on the second trial of the cause she had recovered a verdict in the sum of $5,000, which had been affirmed by the supreme court of Kansas on March 11, 1899. She prayed that the amount of the recovery be declared and adjudged to be a first and preferred lien upon the proceeds of the railroad property of the Atchison, Topeka & Santa Fé Railroad Company, which had been previously sold under the decree of foreclosure heretofore mentioned. The present appeal is from the order dismissing the last-mentioned intervening petition.

John C. Waters and John F. Switzer, for appellant.
Robert Dunlap, A. A. Hurd, and O. J. Wood, for appellee.

Before SANBORN and THAYER, Circuit Judges, and LOCHREN, District Judge.

THAYER, Circuit Judge, after stating the case as above, delivered the opinion of the court.

In view of the facts above recited, it will be observed that on November 22, 1897, the circuit court of the United States for the district of Kansas disallowed the intervener's demand after a full hearing upon the merits, and that on the same day a jury rendered a verdict in her favor upon the same claim in the law action pending in the district court for Osage county, Kan., upon which verdict a judgment was duly entered. Both courts seem to have had full jurisdiction of the claim, but arrived at different conclusions respecting its merits on the same day. The federal circuit court had jurisdiction of the intervention as one of the incidents of the equity case which was pending before it, while the action on the same claim, notwithstanding the appointment of receivers for the Atchison, Topeka &

Santa Fé Railroad Company, was properly within the jurisdiction of the state court. The intervener took no steps to secure a review of the decision of the circuit court of the United States adjudging her claim to be without merit, and the decree to that effect, rendered on November 22, 1897, is not brought before us for review by the present appeal because it was not taken until November 30, 1901, more than 3½ years after the time allowed for an appeal had expired. On this state of facts we think that the lower court could not have done otherwise than to dismiss the second intervening petition, which was filed on January 23, 1900. As the intervener voluntarily submitted to a trial upon the merits of her demand in the federal court, and took no appeal after it had rendered a judgment dismissing her claim, she was concluded by the adjudication so far as that court was concerned. It matters not, we think, that the state court rendered a different judgment in the action upon the same demand which was brought in that jurisdiction. The federal court was not bound, by any rule of comity or law, to ignore its own judgment in a case of which it had full jurisdiction, from which no appeal had been taken, in deference to the judgment of a court of co-ordinate jurisdiction, although the latter judgment was affirmed on appeal. The conclusive effect of the decree of the federal court was not affected, so far as that court was concerned, by the appeal prosecuted from the decision of the state court nor by the result of such appeal. When the last intervention in the federal circuit court was presented and tried, it appeared that the intervener had already had her day in court in the very forum to which she applied for relief and that her claim had been adjudged groundless.

Neither the order appointing receivers for the Atchison, Topeka & Santa Fé Railroad Company nor the decree of foreclosure determined that the claim in controversy was preferential and must be paid in any event. The order appointing receivers placed the claim in the class of preferential demands provided the intervener succeeded in showing that she had a valid demand against the railroad company. The question of the validity of the claim was left open for adjudication by the order appointing receivers, and, as the intervener failed to show that the claim presented was a legal and lawful demand, her application for relief is not strengthened by anything contained in the order appointing receivers, or in the decree of foreclosure and sale, or in the order approving the sale. The result is that the decree below must be affirmed; and it is so ordered.